Brewer & Hoffmann Brewing Co. v. Hermann.

---

## Brewer & Hoffmann Brewing Co. v. George Hermann.

1. VERDICTS—*Recorded Verdict Governs.*—It is the recorded verdict, and not the paper returned into court by the jury as their verdict, which denotes the finding of the jury.

Assumpsit, on promissory notes. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

EDWARD MAHER and ROBERT F. KOLB, attorneys for appellant.

RUNYAN & RUNYAN, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.
This was a suit brought to recover upon two promissory notes, the signatures upon which are in each case as follows: "Brewer & Hoffmann Brewing Co., H. C. McDonald, secretary."

The declaration avers that "the said defendant by the name, style and description of Brewer & Hoffmann Brewing Co., promised to pay to the order of said plaintiff," etc., and it contains the common counts. Copies of the notes sued upon are attached. Appellants pleaded the general issue and want of consideration. It also filed a verified plea denying joint liability with McDonald, which had not been charged in the declaration.

Appellant objected to the introduction of the notes in evidence upon the ground of variance, claiming that the notes purport to be executed not only by appellant, but by H. C. McDonald, secretary, as well. They were, however, admitted in evidence over the objection, and it is urged that in this the court erred.

The declaration avers that the notes in question were made by appellant, and there is no verified plea denying their execution. (Rev. Stat., Chap. 110, Sec. 34.) Appellee testified that he received them from appellant through its secretary, H. C. McDonald, and that they were given for money actually loaned by appellee to appellant. The latter does not deny the indebtedness. No evidence was introduced or offered for the purpose of denying appellant's liability under the notes. Appellee makes no claim against McDonald. His demand is against appellant alone. The only objection made to the introduction of the notes under the special counts, is the omission to state in the declaration that appellant made the promise to pay not only "by the name, style and description of Brewer & Hoffmann Brewing Co.," but also by the additional words " H. C. McDonald, secretary." Granting that this may have precluded the admission of the notes under the special counts, they were still admissible in connection with the other evidence under the common counts. The copies attached to the declaration are correct. The evidence was properly admitted.

It is contended that the jury which rendered the verdict was not the jury sworn to try the issues. The point of the objection is that some of the jurors signed a verdict

using only the initials of their first names. But it is the recorded verdict, and not the paper returned into court by the jury as their verdict, to which we must look to ascertain the finding. Kirk v. Sensig, 79 Ill. App. 251 (255).

The record in this case shows who the members of the jury were that rendered the verdict, that they were duly "sworn well and truly to try the issues joined herein," etc., and what their verdict was.

The judgment of the Superior Court will be affirmed.