Sheeler v. Fallon.

---

## Harvey Sheeler v. John J. Fallon.

1. VERDICTS—*Recorded Verdict Controls.*—Where the recorded verdict appears to have been rendered by the jury as impaneled, it must control.

Trespass on the Case, for obstructing access to lot. Appeal from the Circuit Court of Cook County: the Hon. GEORGE W. BROWN, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed April 14, 1903.

This is an action by appellee to recover for alleged injury to his business, charged in the declaration to have been caused by obstructing access to his blacksmith shop, on a public alley.

The declaration sets up that appellant contracted to remove a church edifice standing on Michigan avenue, Chicago, to a location one hundred and fifty feet south; that the building as it stood extended back to the alley running north and south between Michigan and Wabash avenues; that appellee was the proprietor of a "blacksmith shop situated in the alley in the rear of 2311 Wabash avenue, opening on and abutting said alley; that the only means of ingress and egress to and from said blacksmith shop was through said alley, and that defendants so negligently moved said church building along and contiguous to said alley, that said alley became so blocked with debris, material, teams and other matters incident to the moving of said church," that it became impossible for persons wishing appellee's services to obtain access to his shop, whereby his business was ruined.

The jury returned a verdict awarding appellee five hundred dollars. Judgment was rendered upon the verdict from which is prosecuted this appeal.

HOWARD AMES, attorney for appellant; EUGENE CLIFFORD, of counsel.

THEODORE G. CASE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The declaration states that appellee's blacksmith shop was located in the alley, and it is suggested by appellant's attorney that if this statement is correct, the shop was there unlawfully. It is impossible to determine from appellee's testimony exactly where his shop was located. It was between Twenty-third and Twenty-fourth streets, and "fronted east on Wabash avenue." Appellee states, as the record has it, that the front of the shop was about 100 feet south "from the west side of the alley," the alley

itself running north and south. This testimony is too unintelligible in that respect to help out the declaration. Still, from the general trend of the evidence, the inference is perhaps warranted that the shop was not in fact in the alley itself, as the declaration seems to state.

It is objected that the verdict was signed by Thomas W. Walpole, among other jurors, whereas, F. A. Walpole was the juror sworn to try the case. The verdict as recorded, however, appears to have been rendered by the party duly sworn as a juror. It is evident that a mistake was made somewhere in his initials. It may, however, for aught that appears, have been made in copying the original verdict signed by the jurors. The recorded verdict must control. It was the jury as impaneled which returned the verdict. Kirk v. Senzig, 79 Ill. App. 251–255; Steel Co. v. Ostrowski, 93 Ill. App. 57–63; Brewer & Hoffmann Brewing Co. v. Hermann, 88 Ill. App. 285.

It is further contended that whereas the declaration charges appellant with having so negligently moved the church as to block the alley, there is no evidence of carelessness in such moving. The real question is whether the evidence sustains the verdict. We have examined it with care and are compelled to the conclusion that it does not.

The suit as brought included the trustees of the Immanuel Baptist church, the members of the firm of W. A & A. E. Wells, and appellant as defendants. The declaration alleges that the trustees contracted with the Wells firm to secure the removal of the church, and that the Wells firm contracted with appellant, and avers that it was these defendants who were together guilty of the alleged negligence complained of. Appellee's evidence is of the same import. At the conclusion of all the evidence, appellee dismissed as to the trustees, and the court granted a motion in behalf of Wells to instruct the jury to find the latter not guilty. But appellee's evidence tends to show that the alleged tearing up of the alley was done by the defendants generally; that "they commenced to tear up the alley;" "Wells' men and Sheeler's men," the "defendants in this case," "they tore

up half the alley;" that "the Wells men and Sheeler men were bringing up lumber to block it fifty feet. They were working three, four or five months about the church, moved it, and raised it six feet.. They had my place blocked," etc. "They dug up the alley," "while they were continually working in the alley, building on the hotel where the church was." Yet it appears, from the testimony on both sides, to be undisputed that appellant merely moved the church and raised it on its new location, and that the Wells firm built on the ground, from which the church had been removed, an annex to a hotel adjoining. Appellee states that "Wells built the foundation for the church," and that "both parties had stuff in the alley." Appellee further testifies:

"Wells and his party dug the alley, and now that alley is higher on one side. All through 1896 Wells put up that annex (Hotel Metropole) and kept that place filled up all the time; and in order to build the annex they had to move the church six feet for a foundation; they built a wall there in the center of the alley; the hotel keeps their coal in there, and they dump it right down there."

There is in this no evidence of conduct by appellant entitling appellee to recovery against him alone for all the acts testified to. On the other hand, the trend of the evidence is that the alleged digging up of the alley, the piling of bricks and timbers, was done by parties working on the hotel annex and not by appellant. There is overwhelming positive evidence, not disputed, that appellant did no digging up for the hotel, did not tear up the alley, nor build up the church when it was moved; that the church was moved wholly on private land. There is evidence also that all appellant's material was placed on a vacant lot, and not in the alley. This testimony is positive and can not be disregarded. There is evidence in behalf of appellee tending to show that the alley was obstructed by the presence of teams and the work of excavation and building for a period extending over five months. Put it is undisputed that appellant's work in moving and raising the church, which was all the work that he, did, occupied all told only about

two months of that time.   Yet by this judgment appellant is held liable for all the alleged injury said to have been suffered by appellee during the whole five months when other parties were causing the alleged obstructions.   This is clearly erroneous.

The trial court directed a verdict for the defendant, Wells, but refused an instruction to the same effect in favor of appellant.   The evidence does not tend to show that appellant committed the acts alleged to have caused the injuries complained of.   There is a failure of proof against him in that respect, and the jury should have been so instructed.   The judgment of the Circuit Court must be reversed and the cause remanded.